THE CITY OF KEARNEY, PLAINTIFF IN ERROR, V.
CAROLINE THOEMASON, DEFENDANT IN ERROR.

Corporations—Municipal: STREETS: SURFACE WATER: DAM-
     AGES.  In an action against a city for damage to personal prop-
     erty by an overflow of surface water, caused by the negligent
     construction of an embankment in raising the grade of the
     street, and which negligence was denied by the answer, the
     court instructed the jury, in substance, that if they found from
     the evidence that no grade had been established, and that the
     filling of the street by the city caused the water to flow into the

cellar of the plaintiff, thereby injuring the property therein,. the plaintiff would be entitled to recover the actual damage sustained, without submitting to the jury the question of negligence in any form. It was *Held*, Upon error, that a verdict in favor of the plaintiff in the action could not be sustained, as the instruction was an incorrect statement of the law of the case under any proof which might have been made under the pleadings.

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

*Calkins & Pratt*, for plaintiff in error.

*Greene & Hostetler*, for defendant in error.

REESE, CH. J.

The original action in this case was instituted by plaintiff's intestate, against the city of Kearney, for damages arising from the flowing of water into the cellar or basement room of his store building, by which the property of plaintiff was injured, the overflow having been occasioned from the erection of an embankment in grading the street. No bill of exceptions is presented, and the case is submitted upon the pleadings and instructions to the jury; a verdict having been returned in favor of plaintiff in the action.

The allegations of the petition were, in substance, as follows:

The city of Kearney, being a corporation organized under the laws of the state, in the year 1883 graded up a certain street, known as Wyoming avenue, so as to raise the surface of the street three feet above the common level; that at a point on said avenue, where it is intersected and crossed by South Railroad street, the surface water from a large area of land was accustomed to flow in an easterly direction, in time of heavy rains, and that the defendant, knowing that fact, carelessly and negligently constructed the embankment, and failed to make or cause to be made a culvert

·or other outlet for such surface water to pass away in its natural course; that the street had, long before said time, been graded by the city, and that the store-room in which plaintiff's property was located was built to correspond with the former grade, said store being located at the point ·of junction of the said avenue and street, and on the west side of said avenue; that on the 1st day of April, 1884, a heavy rain fell, and by reason of said embankment and levee, and by reason of the negligent and unskillful manner in which it had been erected by defendant, the surface water was held and turned back from its natural course in a large volume, in and upon the store-room of plaintiff, and into the basement thereof, so that the basement was filled with the surface water, and the goods therein were flooded and covered with water, without the fault or negligence of plaintiff.

The answer admitted the corporate capacity of defendant, and that it graded the avenue at the point described in the petition, but denied that the grade was made three feet above the common level, or that it raised the level or grade of the avenue to any height whatever above the level and grade established long prior to said time; that the windows opening into the basement of the building in which plaintiff's goods were, were located below the established grade of the street, and that by reason thereof, and by reason of negligence and carelessness of plaintiff in not closing the windows, the cellar was flooded, if at all; that at the time the avenue and street were graded, defendant provided an outlet or channel for the flow of surface water, which, in former years, had been accustomed to flow eastward on the street.

The reply consisted of a general denial of the allegations of the answer.

A trial was had to a jury, who returned a verdict in favor of plaintiff in the action, defendant in error.

The court gave to the jury the following instructions, upon its own motion:

"1. If you find from the evidence that no grade was established, and that the filling up of the street by the city caused the water to flow into the cellar, then the plaintiff is entitled to recover the actual damage sustained.

"2. If you find from the evidence that a grade was established in 1873, and before the building containing the damaged articles was constructed, and that the street was only filled in to correspond with this fixed grade, then the city is not liable, and you must find for the defendant.

"3. If you find from the evidence that a grade was established before the building was constructed, and that since that time a new and higher grade has been established, and that the embankment described in the evidence caused the overflow into the cellar, the defendant is liable to the extent of the injury sustained.

"4. The burden of proof is upon the plaintiff, and she must establish her case by a preponderance of evidence before she can recover. If she fails to do this you will find for the defendant."

Plaintiff in error excepted to the giving of the first and third instructions above copied, the giving of which is now assigned for error.

The presumptions being in favor of the proceedings of the district court, and the rule having been well established, that error will not be presumed, and that a judgment will not be reversed unless error affirmatively appears of record, it becomes necessary to inquire whether these instructions could have been rightfully given under any evidence which could have been properly submitted to the jury under the pleadings. As we have seen, the allegations of the petition were, that the defendant "so carelessly and negligently constructed the levee and embankment as to make or cause to be made no culvert or outlet for said surface water to pass away in its natural course," and that "on the first day of April, 1884, a heavy rain fell, and that by reason of said levee or embankment as

above described, and by reason of the negligence and unskillful manner in which it had been erected by said defendant, the surface water was held and turned back," etc., from its natural course. It also alleged that said goods in the basement "were flooded or covered with water, and without the fault or negligence of the plaintiff." These averments of negligence on the part of plaintiff, as well as the averments of the want of negligence on the part of defendant in error, were denied by the answer. The plaintiff's right to recover was made to depend upon proof of negligence on the part of the city or its officers or agents in the construction of the embankment.

It will be seen by an examination of the instructions that the question of negligence or the want of care was nowhere submitted to the jury. But, upon the trial, they were informed that if no grade had been established, and that if filling of the street by the city caused the water to flow into the cellar of plaintiff, plaintiff would be entitled to recover. Also, that if the jury found that a grade had been established before the store building was constructed, and that since that time a new and higher grade had been established, and that the embankment described in the evidence caused the overflow into the cellar, plaintiff in error was liable.

It must be remembered that this action was not instituted for the recovery of damage to the real estate by reason of the construction of the embankment, but for damages to personal property resulting from an overflow caused by the negligence of plaintiff in error. It therefore became necessary that the question of such negligence should be submitted to the jury.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.